# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| SANDRA FINLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: 2:12-CV-296 |
| | ) | |
| TARGET CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on the motion for summary judgment filed by defendant Target Corporation (docket at 21). Target filed a memorandum in support of its motion (docket at 22), plaintiff Sandra Finley filed a brief in opposition to the motion (docket at 25), and Target filed a reply brief (docket at 28). Also before the Court is Finley's motion to strike portions of various affidavits submitted by Target (docket at 24), to which Target responded (docket at 27). Finley did not file a reply brief regarding the motion to strike. For the reasons discussed below, the motion for summary judgment is DENIED and the motion to strike is GRANTED.

## FACTUAL BACKGROUND

On January 19, 2011, Finley, who was 62 years old at the time, entered a Target Store in Merrillville, Indiana, accompanied by her friend, Winnie West. The two women entered the store shortly after 3 p.m. Upon entering the store, Finley asked West to wait near the entrance while Finley went to a snack shop located inside the store to purchase popcorn. After purchasing her snack, Finley proceeded back through the snack shop where she slipped and fell, landing on the right side of her body. Finley maintains that she slipped on some condiments that were on the floor and had not been cleaned up. Target maintains that there was nothing on the floor other

than some popcorn that Finley spilled when she fell.  This factual dispute is the crux of the motion for summary judgment.  After Finley fell a "code green" was issued over an employee radio system.  A "code green" is a notice that is broadcast to employees indicating that an accident has occurred at a particular location within the store.  Two Target employees, Joshua Crawford and Adam Kerkes, arrived at the scene within moments, with Kerkes arriving shortly before Crawford.  When Crawford arrived he saw Finley sitting on the floor.  He helped her get up and sit in a nearby chair in the snack shop.  He sat with Finley and filled out a standard incident report.  Crawford stated in an affidavit that he saw popcorn on the floor at the spot where Finley fell.  He asked her if the popcorn was hers and she replied that it was.  Crawford stated that he did not see any condiments, liquids, or other debris on the floor.  Kerkes stated in his affidavit that he cleaned up the spilled popcorn and did not notice any other material on the floor.  After completing the incident report, Crawford asked Finley if she needed medical attention.  She declined at first but then changed her mind, so Crawford called 911.  Emergency medical personnel arrived and determined that Finley did not appear to have any broken bones.  Finley initially declined an ambulance ride to a hospital but, again, changed her mind.  The emergency responders offered to place Finley on a stretcher to transport her from the store to the ambulance but she declined that too, and walked to the ambulance accompanied by the emergency personnel.  Finley was taken to Methodist Hospital for observation, assessment and x-rays.  Andrea Serna was the Target employee working in the snack shop at the time Finley purchased her popcorn.  Serna was responsible not only for selling food and drinks to customers but also for keeping the snack shop area clean.  Serna claimed in her affidavit that she had cleaned the dining area within an hour before Finley fell and that she did not notice any food or

2

other foreign substances on the floor at that time. Finley filed this lawsuit seeking damages for personal injuries she alleges she sustained when she fell. Additional facts will be presented as they become relevant to the Court's discussion and analysis.

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (citing Fed.R.Civ.P. 56(c)). "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the nonmoving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.,* 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *See Celotex,* 477 U.S. at 323, 106 S.Ct. 2548; Fed.R.Civ.P. 56(c). The moving party may discharge its initial responsibility by simply "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex,* 477 U.S. at 325, 106 S.Ct. 2548. When the

nonmoving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Celotex,* 477 U.S. at 323, 325, 106 S.Ct. 2548; *Green v. Whiteco Indus., Inc.,* 17 F.3d 199, 201 n. 3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chi.,* 916 F.2d 1254, 1256 (7th Cir. 1990). However, the moving party, if it chooses, may support its motion for summary judgment with affidavits or other materials, and, if the moving party has "produced sufficient evidence to support a conclusion that there are no genuine issues for trial," then the burden shifts to the nonmoving party to show that an issue of material fact exists. *Becker v. Tenenbaum–Hill Assoc.,* 914 F.2d 107, 110–111 (7th Cir. 1990) (citations omitted); *see also Hong v. Children's Mem'l Hosp.,* 993 F.2d 1257, 1261 (7th Cir. 1993).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *See* Fed.R.Civ.P. 56(e); *Donovan v. City of Milwaukee,* 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials–including the facts considered undisputed–show that the movant is entitled to it. . . ." Fed.R.Civ.P. 56(e)(2), (3); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Thus, to demonstrate a genuine issue of fact, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574,

4

586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quoting Fed.R.Civ.P. 56(e)) (emphasis in original).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson,* 477 U.S. at 255, 106 S.Ct. 2505; *Srail v. Vill. of Lisle,* 588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid–Am., Inc.,* 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Anderson,* 477 U.S. at 249–50, 106 S.Ct. 2505.

## DISCUSSION

**1. Motion for Summary Judgment.**

Target argues that it is entitled to summary judgment in this case because, even assuming there was some foreign substance on the floor at the time plaintiff fell, Target is still "entitled to summary judgment with regard to the Plaintiff's negligence action because there is no evidence that Target or any of its employees had actual or constructive notice of any substance on the floor, or that they failed to exercise reasonable care to keep the floor clean and hazardous free [sic]." Defendant's Memorandum, p. 2. "To prevail on a negligence claim a plaintiff must show: (1) a duty owed to the plaintiff by defendant; (2) breach of that duty by allowing conduct to fall below the applicable standard of care; and (3) compensable injury proximately caused by defendant's breach of duty.'" *Id.*, p. 7 (quoting *Bell v. Grandville Cooperative, Inc.*, 950 N.E.2d 747, 749 (Ind.Ct.App. 2011)). In *Bell*, the court explained the duty a land owner (or business owner) owes to business invitees like Finley. The court stated a possessor of land "is subject to

5

liability for physical harm caused to his invitees by a condition on the land if, but only if, he (a) *knows or by the exercise of reasonable care would discover the condition*, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger." *Bell*, 950 N.E.2d at 749 (citing *Burrell v. Meads*, 569 N.E.2d 637, 639-40 (Ind. 1991) (in turn quoting Restatement (Second) of Torts § 343 (1965)) (italics added).[1]

In the present case, Target does not dispute that it owed a duty of care to Finley. The company does argue, however, that it did not breach that duty, as explained in more detail below. Also, Target does not dispute that Finley suffered personal injuries when she fell (at least for purposes of summary judgment, although the company may very well dispute the nature and/or extent of those injuries). Target takes the position that plaintiff has failed to present any evidence that the company breached its duty of care.

In its memorandum and supporting materials (*see* docket at 23, Defendant's Designation of Evidence), Target explains, as was mentioned briefly above, that none of its employees noticed any condiments, liquids, or other debris on the floor at the time Finley fell. For example, Joshua Crawford, one of the first to respond to the scene once the "code green" was issued, stated that he noticed popcorn on the floor where Finley fell and that she told him it was hers. Affidavit of Joshua Crawford, docket at 23-1, ¶ 7. He also stated that he "did not notice any other liquids, debris, substances, or hazards on the floor. The floor was dry." *Id*., ¶ 8. Adam

---

[1] As Target correctly points out in its memorandum (pp. 7-8), Indiana has adopted Section 343 of the Restatement as the applicable standard of care owed to business invitees.

Kerkes, who also responded to the scene at or about the same time as Crawford, testified similarly. He stated that while Crawford was sitting with Finley filling out an incident report, he (Kerkes) cleaned up the floor. Affidavit of Adam Kerkes, docket at 23-2, ¶ 6. He further stated that "[t]he only debris that I noticed on the floor was popcorn, which Ms. Finley stated that she had spilled. Other than the popcorn, there were no other liquids, debris, substances, or potential hazards on the floor." *Id*., ¶ 7. Kerkes stated that he specifically recalled this because he only had to use a broom and dustpan to clean up the floor, and if it had been wet he would have used a mop. *Id*. Finally, Target submitted the affidavit of Serna, the employee who was working in the snack shop at the time Finley fell. While Serna stated that she did not witness the plaintiff fall, she did state that she had primary responsibility for maintaining the café area, that she had cleaned it "within an hour" prior to Finley's accident, and that the floor was clear of liquid or other debris. Affidavit of Andrea Serna, docket at 23-3, ¶ 9. Serna stated that if she had noticed any foreign or hazardous substances on the floor prior to the time Finley entered the café, she would have followed Target's written procedures and cleaned the area immediately upon noticing the substances. *Id*., ¶ 12. In support of Serna's statements, Target submitted a copy of its Team Member Handbook. Docket at 23-4. A section of that Handbook expressly states that any Target employee should "clean up any spills or clutter on the floor. This will help prevent slips and falls." *Id*., p. 2.

    Not surprisingly, Finley recalled the incident differently. In her deposition, she testified that she did indeed see lettuce and either mustard or ketchup or both on her shoe after she fell. Her testimony was as follows:

    Q. Anything else besides lettuce, mustard, and ketchup?

> A. You know, I–really I don't know. You'd have to look at the reports, because I was in shock. I cleaned off lettuce off my shoes. You have to–you know, you need to read the reports, because I was dealing with the pain and the shock that–you know, my feet went out from up under me, and I hit that concrete.
>
> . . .
>
> Q. Did you see mustard on the floor after you fell?
>
> A. I don't remember the–the make up of the condiments, because I was on the floor in a lot of pain. I saw on my shoe the–the–lettuce and looked like ketchup that was caught on my shoe.

Finley Deposition, docket at 26-2, pp. 2-3.[2] In addition, Finley testified that she "showed it to the manager. He–he saw it." *Id*., p. 3.

Finley's friend Winnie West, who accompanied her to Target on the day of the incident, also testified that she saw condiments after Finley fell. West testified as follows:

> A. And I ran over to her and I kneeled down and everything. I said, why did you fall? And then I look, I said, oh, my God. There was a piece of lettuce and a piece of tomato.
>
> Q. Okay.
>
> A. Uh-huh. That's what she slipped on 'cause part of it was under her heel of her boot. And I told him–when the manager came–I said, you got to get somebody to clean it up, baby. You know how I am. You got to clean it up.
>
> Q. Who did you say that to?
>
> A. The manager. The one who came to take the information. He came and he sat down and he was talking to Sandra. She was still on the floor and everything.

West Deposition, docket at 26-3, pp. 2-3.

---

[2] The deposition page numbers cited in this Opinion and Order are the page numbers assigned to the documents by the Court's electronic filing system, and do not coincide with the original page numbers appearing on the deposition excerpts.

Obviously, there is a factual dispute concerning what, if anything, was on the floor when Finley slipped and fell. Target concedes that this factual dispute exists, but insists that it is not material. Target contends that what is relevant is not whether there were condiments on the floor, but rather, whether any Target employee knew or through reasonable diligence should have known, that something was on the floor. Target insists that the evidence it has presented, by way of the affidavits of Crawford, Kerkes and Serna, establish that no employees saw any debris of any sort (other than the popcorn) on the floor before or after Finley fell. Therefore, argues Target, the company cannot be liable to Finley since it never breached its duty of care. For these reasons, Target argues as follows:

> Plaintiff focuses the majority of her Response on trying to prove that there was an actual foreign substance on the floor, which Target acknowledged in its Motion for Summary Judgment was a factual dispute, although not a genuine one precluding summary judgment. However, regardless of the factual dispute, Target is entitled to Summary Judgment because there is no genuine issue of material fact regarding whether Target had actual or constructive notice of the alleged hazard. . . . The Court should recognize that the real issue in Target's Motion for Summary Judgment is the issue of actual and constructive notice of the hazard. The bottom line is that Target has introduced ample evidence in the form of three separate employee affidavits to support the fact that it did not have notice and in response the Plaintiff did not designate any evidence to the contrary. Instead, the Plaintiff has engaged in wild speculation by erroneously suggesting that all of the Target employees lied in their affidavits, which is merely a desperate attempt to avoid an adverse judgment.

Defendant's Reply, p. 2.

The Court disagrees with Target's characterization of the evidence, not to mention Target's argument that the issue of whether something was on the floor is not a genuine issue of material fact. It is. Finley's version of the facts contrasts starkly with the version presented in the affidavits of Crawford, Kerkes and Serna. Not only does Finley insist that she slipped on lettuce (and perhaps, some mustard or ketchup), she also testified that she pointed this out to

9

either Crawford or Kerkes while she was sitting in the snack bar filling out an incident report. Finley does not explicitly accuse Crawford or Kerkes or Serna of lying anymore than Target explicitly accuses Finley and West of lying (although the implication is obvious on both sides). Finley insists that something was on the floor and even that she pointed it out to either Crawford or Kerkes. Of course, this does not prove that any Target employee noticed the substance on the floor *before* Finley fell. But this factual dispute does undermine Target's legal position. If a jury believes the version of facts presented by Target, then the issue of what was on the floor might be irrelevant, since Target would have had no knowledge of the presence of any substance and therefore no reason to believe there was anything to clean up. If a jury believes the recollections of Finley and West, then it could conclude that the Target employees either knew or should have known (especially in the case of Serna) that there was a substance that needed to be cleaned up prior to the time Finley fell. One side is mistaken or is being disingenuous. This is a quintessential credibility issue that can only be resolved by a jury. As stated above, a court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 249–50. For these reasons, summary judgment must be denied.

**2. Motion to Strike.**

In her motion to strike, Finley argues that the affidavits of Crawford, Kerkes and Serna each contain impermissible hearsay statements and/or statements not based on personal knowledge. Specifically, each of those individuals state in their affidavits that "[i]n the period of time prior to Ms. Finley's fall, I did not, **nor to the best of my knowledge did any other**

**Target employee**, observe any foreign substances or potential hazards on the floor." Crawford Affidavit, ¶ 13; Kerkes Affidavit, ¶ 8; Serna Affidavit, ¶ 11 (boldface in originals). Finley argues that these statements constitute hearsay and are also inadmissible since none of these individuals "can testify to what any other person may or may not have observed. This language should be stricken from all of the Affidavits as hearsay and for the reason that Crawford, Kerkes nor Serna [sic] have any personal knowledge regarding other employees' observations." Plaintiff's Motion to Strike, p. 2.

Target argues that "[t]he statements in the Target employees' affidavits are not hearsay as they are not offered to prove the truth of the matter asserted. The truth of the matter being asserted is whether there were indeed any potential hazards on the floor. The statements by the employees are not being offered to prove whether there were any condiments or potential hazards on the floor. . . . Rather, the statements by the Target employees are being offered to prove that Target did not have notice of anything on the floor prior to [Finley's] fall. If the statements by the employees were being offered to prove that there was actually a potentially hazardous substance on the floor, then the Plaintiff would be correct in asserting that these statements by the employees are hearsay. However, their statements are being offered to prove an entirely separate issue, which is that Target did not have actual or constructive notice of anything on the floor prior to the Plaintiff's fall." Defendant's Response to Plaintiff's Motion to Strike, pp. 2-3. Target argues that "[f]ederal courts have consistently held statements offered to prove notice are not hearsay." *Id.*, p. 3 (citing *George v. Celotex Corp.*, 914 F.2d 26, 30 (2nd Cir. 1990)). But Target's position is based on a premise already rejected by this Court–that is, that the dispute about whether there was a foreign substance on the floor that caused Finley's

11

accident is not a genuine issue of material fact. Since the Court concludes that it is, Target's argument that the statements are not hearsay must fail. For these reasons, the motion to strike these specific paragraphs is granted and the statements were not considered by the Court in its discussion, analysis or conclusions of the issues presented by the motion for summary judgment.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment filed by defendant Target Corporation (docket at 21) is DENIED and the motion to strike filed by plaintiff Sandra Finley (docket at 24) is GRANTED.

Date: June 28, 2013.

    /s/   William C. Lee
William C. Lee, Judge
United States District Court
Northern District of Indiana